# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **Maxi-Seal Harness Systems, Inc.,**<br>13312 5th St., Suite B<br>Grandview, MO 64030<br><br>                **Plaintiff**<br><br>v.<br><br>**R.A. Phillips Industries, Inc.,**<br>Serve:<br>**Registered Agent:**<br>Wilson B. Hart<br>415 North El Camino Real<br>Suite B<br>San Clemente, CA 92672<br>                **Defendant.** | **Case No.**<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY INJUNCTION**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Fed. R. Civ. P. 15, Maxi-Seal Harness Systems, Inc., ("Maxi-Seal") alleges for its Complaint against R.A. Phillips Industries, Inc., ("Phillips") as follows:

## PARTIES

1.  Maxi-Seal is a corporation organized and existing under the laws of the state of Texas, with its principal place of business at 13312 5th Street, Suite B, Grandview, MO 64030. Maxi-Seal is a subsidiary of Peterson Manufacturing, Co.

2.  On information and belief, Phillips is a corporation organized and existing under the laws of the state of California, with a place of business located at 12012 Burke Street, Santa Fe Springs, CA 90670.

3.  The registered agent of Phillips as listed through the California Secretary of State website is Wilson B. Hart, with an address listed at 415 North El Camino Real, San Clemente, CA 92672. Service of process on Phillips is appropriate through its registered agent, Wilson Hart, at said address.

## JURISDICTION AND VENUE

4. This action seeks declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. It presents an actual case and controversy under Article III of the United States Constitution and serves a useful purpose in clarifying and settling the legal rights at issue.

5. On information and belief, Phillips is the assignee of U.S. Patent No. 6,743,025 (" the '025 patent"), entitled "self sealing electrical plug and socket assembly for trucks," a true and correct copy of which is attached hereto as "Exhibit A."

6. Phillips has explicitly charged Maxi-Seal with infringement of the '025 patent by correspondence sent to Maxi-Seal's business address in Missouri via regular mail and electronic means.

7. Maxi-Seal seeks a judgment against Phillips that Maxi-Seal's products have not infringed and do not infringe the '025 patent and/or that the '025 patent is invalid.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 35 U.S.C. § 1 et seq.

9. This Court has personal jurisdiction over Phillips because Phillips has transacted business in Missouri as they market their products and/or services to Missouri individuals and/or businesses, deliver their products to individuals and/or businesses in Missouri, have made personal contact with Maxi-Seal in Missouri for purposes of transacting business and alleging infringement and asserting that a license must be taken for '025 patent under threat of infringement litigation and this cause of action arises from the doing of such acts in this State.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) and/or (c) because a substantial part of the events or omissions giving rise to the action occurred in the Western

District of Missouri and Defendant is subject to personal jurisdiction in the Western District of Missouri pursuant to the Missouri Long-Arm Statute, Mo. Rev. Stat. § 506.500.

## FACTS

11. Maxi-Seal manufactures and sells custom designed wiring harnesses for the trucking industry.

12. In a letter dated September 14, 2009, counsel for Hyundai Translead forwarded a letter from Phillips Industries, signed by Robert A. Phillips, President & CEO of Phillips Industries that accused Maxi-Seal Harness Inc of infringement of U.S. Patent No. 6,743,025 owned by Phillips Industries, Inc. "Exhibit B". The letter from Phillips Industries to Hyundai Translead was undated. The letter from counsel for Hyundai Translead was forwarded to Mr. Tim Gilbert of Peterson Mfg. Co., a company associated with Maxi-Seal.

13. Despite a correspondence from Maxi-Seal to Phillips advising Phillips to refrain from contacting Hyundai regarding the alleged infringement, in a letter dated October 8, 2009, Phillips again contacted Hyndai. "Exhibit C". In this letter, Phillips advised Hyundai that early that week it filed a lawsuit for patent infringement against Maxi-Seal. The letter advised Hyundai that they "do not intend" to sue Hyundai but "hope that Phillips and Hyundai can reach a business resolution." These actions by Phillips are directly impacting the business relationship between Hyundai and Maxi-Seal.

14. The president of Phillips, Bob Phillips, and the president of Maxi-Seal, Don Armacost, communicated regarding a resolution of this matter. While Maxi-Seal continued to deny any infringement of the '025 patent, the obvious cost of litigation were a factor in attempting an amicable resolution. However, the communications have effectively broke down since Phillips has demanded a license agreement with excessive royalties that would effectively

render the Maxi-Seal product unprofitable. The details of this demand are contained in a letter dated January 28, 2010 from Bob Phillips to Don Armacost. "Exhibit D".

15. Upon information and belief, Phillips filed a complaint in California on October 5, 2009. The complaint was never served on Maxi-Seal. Pursuant to Fed. R. Civ. Pro. 4(m), a plaintiff has 120 days from the date of filing to serve a complaint at which time the court must dismiss the action. 120 days has expired yet Phillips has not served Maxi-Seal. Phillips has used the lawsuit on at least one known occasion to threaten a customer of Maxi-Seal and Phillips continues to threaten Maxi-Seal with litigation, demanding an unreasonable license for a product that Maxi-Seal does not infringe.

16. Maxi-Seal is not liable for infringing any claims of the '025 patent because each such claim is invalid, and/or the accused Maxi-Seal products have not infringed and do not infringe any valid claims of the '025 patent.

17. Accordingly, there is an actual, substantial and continuing justiciable controversy between Maxi-Seal and Phillips regarding the validity of the '025 patent and regarding alleged infringement of the '025 patent by Maxi-Seal or by the use of Maxi-Seal products.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief - the '025 Patent)

18. Maxi-Seal incorporates by reference each and every allegation set forth in paragraphs 1-17 as if fully set forth herein.

19. Maxi-Seal has not directly or indirectly infringed and is not directly or indirectly infringing any claim of the '025 patent.

20. One or more of the claims of the '025 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, § § 102, 103 and/or 112.

21. Maxi-Seal is entitled to a declaratory judgment that it has not infringed and is not infringing the '025 patent and/or that the claims of the '025 patent are invalid.

## SECOND CLAIM FOR RELIEF

### (Preliminary Injunction)

22. Maxi-Seal incorporates by reference each and every allegation set forth in paragraphs 1-21 as if fully set forth herein.

23. Phillips has intentionally communicated to customers of Maxi-Seal that the customer needs to refrain from using the Maxi-Seal products and to order products similar to Maxi-Seal's product from Phillips rather than from Maxi-Seal.

24. Phillips has communicated to customers of Maxi-Seal that Maxi-Seal is infringing on a patent owned by Phillips.

25. Upon information and belief, Phillips has gone beyond merely communicating the existence of the '025 patent to at least one company in a relationship with Maxi-Seal and is purposefully and intentionally seeking to deprive Maxi-Seal of its business relationship.

26. The factors to consider in granting a preliminary injunction are (1) that the party is likely to succeed on the merits, (2) that the party is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the parties favor, and (4) that an injunction is in the public interest. <u>Winter v. Natural Resource Defense Council,</u> 129 S. Ct. 365, 374 (2008); <u>Titan Tire Corp. v. Case New Holland, Inc.,</u> No. 2008-1078 (Fed. Cir. June 3, 2009),

27. Maxi-Seal is likely to succeed on the merits of this case by (1) showing evidence that will render Phillips' patent anticipated and/or obvious in view of prior art and by (2) showing that its product does not infringe the '025 patent.

28. Maxi-Seal is suffering and will continue to suffer irreparable harm without an order enjoining Phillips from interfering with its business relationships.

29. Maxi-Seal has produced and manufactured specific harnesses for customers, including Hyundai, expanding money and resources to fulfill obligations arising out of its business relationships. Maxi-Seal and its customers would be detrimentally harmed by permitting the continued interference during the pendency of this dispute. The burden is on Phillips to establish the infringement by Maxi-Seal.

30. It is in the public interest to permit business obligations and relationships to continue during the pendency of patent litigation.

WHEREFORE, Maxi-Seal requests the Court to enter a judgment in its favor and against Phillips as follows:

a. An order entering declaratory judgment in favor of Maxi-Seal and against Phillips;

b. An order declaring Maxi-Seal has not directly or indirectly infringed, and is not directly or indirectly infringing, any claim of the '025 patent;

c. An order declaring the claims of the '025 patent to be invalid;

d. An order awarding Maxi-Seal its costs including expert fees, disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285;

e. An order granting a preliminary injunction enjoining Phillips from engaging in communications with customers of Maxi-Seal for purposes of terminating the business relationship;

and

f. An order granting such further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Maxi-Seal demands a trial by jury for all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Missouri as the place of trial.

**DATED:** February 3, 2010

POLSINELI SHUGHART, P.C.,

/s/ *Richard Stitt*
RUSSELL S. JONES, JR.          MO #30814
RICHARD STITT                         KS-000488
JOSHUA M. MCCAIG              MO #56059
Twelve Wyandotte Plaza; 120 W. 12th Street
Kansas City, MO 64105
Phone: (816) 421-3355; Fax: (816) 374-0509
rjones@polsinelli.com
rstitt@polsinelli.com
jmccaig@polsinelli.com
**ATTORNEYS FOR PLAINTIFF**